UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY, § <br> AND AS REPRESENTATIVE OF THE § <br> ESTATE OF MARTIN GOMEZ § <br> ARELLANO, AND AS NEXT FRIEND § <br> OF AXEL ADRIAN GOMEZ, A MINOR., § <br>     Plaintiff, § <br>  § <br> v. § <br>  § <br> RIGOBERTO POMPA GARCIA, § <br> GREGORIO VALDEZ AND § <br> JUAN ENRIQUE ESCOBEDO MORENO, § <br> UNITED STATES OF AMERICA, AND § <br> PACCAR § <br>     Defendants. § | | Civil Action No. 2:18-cv-00446 |

**REPLY TO RESPONSE IN OPPOSITION TO MOTION TO DISMISS ALL CLAIMS
AGAINST UNITED STATES IN THE FIRST AMENDED COMPLAINT FILED BY
PLAINTIFF VERONICA RAMIREZ, INDIVIDUALLY, AND AS REPRESENTATIVE
OF THE ESTATE OF MARTIN GOMEZ ARELLANO, AND AS NEXT FRIEND OF
AXEL ADRIAN GOMEZ, A MINOR**

    COMES NOW, Defendant United States of America ("United States"), by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and files this reply to the response in opposition to the United States' motion for dismissal of all claims brought against the United States by Veronica Ramirez, individually, and as representative of the estate of Martin Gomez Arellano, and as next friend of Axel Adrian Gomez, a minor (hereinafter "Ramirez").[1]

---

[1] The United States currently has two other motions to dismiss pending before this Court in the instant litigation. On December 20, 2018, the United States filed a motion to dismiss the third-party petition brought by Juan Enrique Escobedo Moreno. (Dkt. 7.) Mr. Escobedo Moreno did not file a response in opposition to the United States' motion, which remains pending before this Court and is ripe for a decision. On May 31, 2019, the United States filed a motion to dismiss the claims filed by Blanca Gomez Arellano, individually and as representative of the estate of Martin Gomez Arellano. (Dkt. 22.) Blanca Gomez Arellano filed a response in opposition on June 21, 2019. (Dkt. 31.) The United States will be replying to that response brief in a separate filing.

1

In Ramirez's response, she reconstrues her pleaded claims in an attempt to establish jurisdiction over a claim against the United States under the Federal Tort Claims Act (FTCA). Specifically, Ramirez makes various arguments, as summarized below, in an attempt to overcome the jurisdictional bar provided by the customs-duty exception under 28 U.S.C. § 2680(c).

Ramirez first asserts that the customs-duty exception is inapplicable because "the claims brought by the Plaintiffs arise after the search was conducted and away from the checkpoint" given that "Martin Gomez Arellano was trapped in the Kenworth truck in a storage yard away from the actual checkpoint and for days after the checkpoint search had concluded." (Dkt. 24 at 4.)

Second, Ramirez argues that customs-duty exception only applies to "detentions" as opposed to "seizures," therefore precluding application of the jurisdictional bar since Border Patrol agents ultimately seized the tractor-trailer for forfeiture following the initial detention.

Third, Ramirez claims that § 2680(c) applies to goods, merchandise, or other property but does not preclude intentional tort claims seeking redress for harms committed against persons.

Fourth, Ramirez claims § 2680(c)'s bar does not apply to her lawsuit as she falls within the exception under § 2680(c)(1)-(4).

## I. **Ramirez wrongly asserts that her claims arise after the search are therefore not subject to the jurisdictional bar under 28 U.S.C. §2680(c).**

Ramirez's principal argument, that the "present claims arose after the search and away from the checkpoint, and are therefore not subject to the custom duty exception in §2680(c)," (Dkt. 24 at 4), is wrong.

As the United States noted in its motion to dismiss, courts have interpreted 28 U.S.C. § 2680(c) broadly to encompass any activity "remotely related to [an officer's] official duties." *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981). (Dkt. 16 at 7) (citing numerous cases).

The allegations pleaded in Ramirez's amended complaint clearly fall within this jurisdictional bar. Ramirez's amended complaint repeatedly alleges tortious conduct arising from "DHS employees negligently fail[ing] to conduct a search, inspection and inventory of the tractor-trailer and its closed containers." (Dkt. 14 at ¶ 21.)  Numerous other paragraphs in Ramirez's amended complaint make this same point—that the alleged tortious conduct arises from Border Patrol's search of the tractor-trailer. (*See, e.g.*, Dkt. 14 at ¶¶ 24, 25, 28, 31, 34, 44, 45, 46, 54, 56, 62, 63, 64, 71, 72.)

In Ramirez's response brief she alleges for the first time that "Martin Gomez Arellano was trapped in the Kenworth truck in a storage yard away from the actual checkpoint and for days after the checkpoint search had concluded." (Dkt. 24 at 4.)  But even if this allegation was pleaded and plausible, it only confirms the application of § 2680(c).  As the Supreme Court has recognized, § 2680(c) covers "any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984). Indeed, the contention advanced and rejected by the Supreme Court in *Kosak* was that § 2680(c) should not apply to "the negligent . . . destruction of property while it is in the possession of the customs service." *Id.* at 1523.  Thus, to the extent Plaintiff is arguing that § 2680(c) only applies at the time the vehicle is initially seized for detention, and not the acts that flow from the initial detention, the argument is without merit. *See Halverson*, 972 F.2d 654, 656 (5th Cir. 1992) ("The Supreme Court has interpreted § 2680(c) to cover not only damages occurring in the act of detention itself, but also those flowing from the detention, such as the negligent storing of antiques or art objects."); *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986) (recognizing that section 2680(c) "sweeps within the exception all injuries associated in any way with the detention of goods.") (internal quotation marks omitted).

Ramirez's citation to *Davila v. United States*, 713 F.3d 248 (5th Cir. 2013), to support her argument against application of § 2680(c) is unavailing. In *Davila*, the plaintiff and his son were waiting at a checkpoint while agents searched their vehicle. *Id.* at 253. Frustrated with the length of the wait, the son got into the vehicle and drove away, thus terminating the detention of the property—namely, the vehicle. *Id.* The tortious conduct in that case did not occur in connection with the detention/seizure of the vehicle at the checkpoint. Rather, as the *Davila* court explained, the tortious conduct arose two hours later after the vehicle was pursued and stopped by local police officers:

> After the two hours lapsed, Tocho left in the vehicle, leaving Davila and Mata behind at the inspection site, and was pursued and caught by Brewster County officers. The intentional tort against Davila occurred only after Tocho had left the checkpoint in the vehicle. The false imprisonment claim arose out of the officers' arrest and detention of Davila in a county jail, located away from the checkpoint. No contraband had been found in the vehicle, the search had long since ended, and Tocho had been caught by the time that Davila was arrested and detained.

*Id.* at 256.

Thus, the court in *Davila* made clear that claims "unrelated to the vehicle or the detention thereof" do not fall within § 2680(c). Unlike in *Davila*, here Ramirez alleges that the tortious conduct arose directly from the seizure and detention of the tractor-trailer. (Dkt. 14 at ¶ 45 ("DHS officers breached the duty they owed to Mr. Gomez Arellano when they violated a mandatory, non-discretionary duty by failing to thoroughly inspect the impounded tractor-trailer as mandated by agency policy."); *id.* at ¶ 54 (alleging for the assault claim that Border Patrol Agents "intentionally, knowingly, or recklessly failed to abide by a nondiscretionary CBP mandate by not searching the inside compartments of the impounded tractor-trailer"); *id.* at ¶ 63 (alleging for the false imprisonment claim that the Border Patrol Agents "who searched and impounded the Kenworth tractor-trailer left Mr. Gomez Arellano inside the container of the tractor-trailer without

his consent"); *id.* at ¶ 71 (alleging for the intentional infliction of emotional distress claim that "CBP employees acted intentionally or recklessly by refusing to abide by CBP manual mandates to search and inventory every compartment in the tractor-trailer")).

## II. Ramirez wrongly asserts that property that is initially detained and later seized by law enforcement does not fall within the scope of 28 U.S.C. § 2680(c).

Citing to a Sixth Circuit decision, *Kurinsky v. United States*, 33 F.3d 594 (6th Cir. 1994), Ramirez seemingly argues that § 2680(c) only applies to property that is initially "detained," but that at a "critical juncture" when the property is "seized," the statute no longer has applicability. (Dkt. 24 at 6.) *Kurinsky*'s rationale was that §2680(c)'s use of "detention" rather than "seizure" must be read as only applying to law enforcement officers engaged in activities with a nexus to the collection of taxes or customs duties. The principal problem with this argument is that it is conflicts the Supreme Court's later decision in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), which held that § 2680(c) applies to all law enforcement officers. In *Ali* the Supreme Court noted that in 2000, Congress amended § 2680(c) to preserve immunity for certain individuals who had their property forfeited. *See id.* at 221-222. Yet, Congress restored sovereign immunity only "for certain seizures of property based on any federal forfeiture law"—not for all "seizures" of property. *Id*. As one court has aptly recognized, "if [§2680(c) was] limited to claims arising from temporary detention, it is unclear how a forfeiture exception to the detention exception would ever apply since forfeiture ordinarily connotes the permanent loss of property." *Davinci Aircraft, Inc. v. United States*, No. 216CV05864CASJCX, 2017 WL 1520418, at *7 n.5 (C.D. Cal. Apr. 25, 2017), *aff'd and remanded*, ___ F.3d ___, 2019 WL 2439691 (9th Cir. June 12, 2019). Indeed, courts within the Fifth Circuit have repeatedly described goods that have been "seized" as falling within § 2680(c). *See, e.g.*, *Jeanmarie*, 242 F.3d at 604 (§ 2680(c) applies to claims that "arose from the inspection, seizure or detention of goods").

### III. Ramirez wrongly asserts that § 2680(c) does not apply to intentional tortious conduct involving persons.

Ramirez next argues that § 2680(c) "applies to the "detention" of goods, not people." (Dkt. 24 at 6.) Ramirez also argues that § 2680(c) does not apply to intentional torts. (Dkt. 24 at 11.) These contentions are plainly contrary to Fifth Circuit law and can be swiftly rejected. *See Jeanmarie*, 242 F.3d at 604 ("[N]otwithstanding the fact that intentional tort claims arising out of arrests are not barred by § 2680(c), and are in fact permitted by § 2680(h), such claims are barred by the [detention-of-goods] exception if the alleged torts arose from the inspection, seizure, or detention of goods by a [law enforcement officer] because such claims involve conduct covered by § 2680(c)."); *see also Davila*, 713 F.3d at 256 ("[E]ven intentional torts committed by law enforcement officers are exempt from FTCA suits when such torts were committed during circumstances that would warrant a detention-of-goods exception.").

### IV. Ramirez wrongly asserts that the exception to § 2680(c) applies to her claims.

In 2000, Congress passed the Civil Asset Forfeiture Reform Act (CAFRA) and, among other things, "rewaived" the United States' immunity for certain tort actions arising from law enforcement detentions of property. But the CAFRA exception-to-the-exception only applies (i.e., sovereign immunity is waived) when all of the following four conditions are satisfied:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c)(1)-(4). To demonstrate a waiver of sovereign immunity for a claim arising from law enforcement's detention of property, a plaintiff must satisfy the above four conditions.

Ramirez has not met her burden of showing that § 2680(c)(1)-(4) applies to her case.

The first condition requires that the property was "seized for the purpose of forfeiture." This phrase means that the property must be seized solely for the purpose of forfeiture. *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) (holding that the re-waiver under CAFRA "applies only to property seized solely for the purpose of forfeiture"). In reaching this conclusion, the Ninth Circuit relied on the rationale articulated in *Kosak*, 465 U.S. at 856, that the FTCA's waiver of sovereign immunity was not designed to impair "law enforcement officers' effectiveness in carrying out the important purposes underlying the seizure and redirect their attention from the possibility of danger in executing the search warrant to the possibility of civil damages." *Foster*, 522 F.3d at 1078; *Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014) (adopting *Foster*'s sole-purpose test and agreeing that an alternative reading would "eviscerate" the FTCA's detained-goods exception in the context of criminal investigations). Plaintiff's amended complaint does not even attempt to allege that the tractor-trailer was seized solely for the purpose of forfeiture. Rather, because it is undisputed that the tractor-trailer was detained and later seized pursuant to a lawful arrest for alien smuggling, and not solely for purposes of forfeiture, there is no waiver of sovereign immunity under the FTCA.

Perhaps more fundamentally, Ramirez's case does not fall within this exception because she is not a "claimant" who had an "interest" in the tractor-trailer. *See* 18 U.S.C. § 983(a)(4)(A) ("[A]ny person claiming an interest in the seized property may file a claim asserting such person's interest in the property . . . ."). Ramirez does not claim any interest in the tractor-trailer. Indeed, her amended complaint alleges that the tractor-trailer was owned by Rigoberto Pompa-Garcia. (Dkt. 14 at 4.)

The Court need not consider the other requirements of § 2680(c)(1)-(4) since Ramirez cannot meet these fundamental requirements of the exception.

## CONCLUSION AND PRAYER

For the foregoing reasons and reasons stated in the motion to dismiss, Defendant United States respectfully requests that the Court dismiss Ramirez's first amended complaint against the United States.

>
> Respectfully submitted,
>
> RYAN K. PATRICK
> United States Attorney
>
> By: *s/ Lance Duke*
> Lance Duke
> Assistant United States Attorney
> Southern District of Texas No. 21949
> Texas State Bar No. 00798157
> 800 N. Shoreline Blvd., Suite 500
> Corpus Christi, TX 78401
> Telephone: 361-888-3111
> Facsimile: 361-888-3200

## CERTIFICATE OF SERVICE

I hereby certify that, on June 27, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notice of electronic filing to all record counsel.

> *s/ Lance Duke*
> Lance Duke
> Assistant United States Attorney