UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, INDIVIDUALLY, § <br> AND AS REPRESENTATIVE OF THE § <br> ESTATE OF MARTIN GOMEZ § <br> ARELLANO, AND AS NEXT FRIEND § <br> OF AXEL ADRIAN GOMEZ, A MINOR., § <br>  Plaintiff, § <br> § <br> v. § <br> § <br> RIGOBERTO POMPA GARCIA, § <br> GREGORIO VALDEZ AND § <br> JUAN ENRIQUE ESCOBEDO MORENO, § <br> UNITED STATES OF AMERICA, AND § <br> PACCAR § <br>  Defendants. § | | Civil Action No. 2:18-cv-00446 |

**REPLY TO RESPONSE IN OPPOSITION TO MOTION TO DISMISS ORIGINAL COMPLAINT FILED BY BLANCA GOMEZ ARELLANO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARTIN GOMEZ ARELLANO**

COMES NOW, Defendant United States of America ("United States"), by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and files this reply to the response in opposition to the United States' motion for dismissal of the original complaint brought against the United States by Blanca Gomez Arellano, individually and as representative of the estate of Martin Gomez Arellano (hereinafter "Plaintiff").[1] (Dkt. 31.)

---

[1] The United States currently has two other motions to dismiss pending before this Court in the instant litigation. On December 20, 2018, the United States filed a motion to dismiss the third-party petition brought by Juan Enrique Escobedo Moreno. (Dkt. 7.) Mr. Escobedo Moreno did not file a response in opposition to the United States' motion, which remains pending before this Court and is ripe for a decision. On May 28, 2019, the United States filed a motion to dismiss the claims filed by Veronica Ramirez, individually, and as representative of the estate of Martin Gomez Arellano, and as next friend of Axel Adrian Gomez, a minor. (Dkt. 16.) Veronica Ramirez filed a response in opposition on June 20, 2019, (Dkt. 29), and the United States filed a reply on June 27, 2019. (Dkt. 33.)

1

In Plaintiff's response,[2] she reconstrues her pleaded claims in an attempt to establish jurisdiction over a claim against the United States under the Federal Tort Claims Act (FTCA). Specifically, Plaintiff makes various arguments, as summarized below, in an attempt to overcome the jurisdictional bar provided by the customs-duty exception under 28 U.S.C. § 2680(c).

Plaintiff first argues that the customs-duty exception is inapplicable because "the torts alleged in this case arose after the "detention" of the tractor-trailer had ended." (Dkt. 31 at 6.) In connection with the contention, Plaintiff argues that the customs-duty exception only applies to "detentions" as opposed to "seizures," therefore precluding application of the jurisdictional bar since Border Patrol agents ultimately seized the tractor-trailer for forfeiture following the initial detention.

Second, Plaintiff claims that § 2680(c) applies to goods, merchandise, or other property but does not preclude intentional tort claims seeking redress for harms committed against persons. (Dkt. 31 at 11, 14.)

Third, Plaintiff claims § 2680(c)'s bar does not apply to her lawsuit as she falls within the exception under § 2680(c)(1)-(4).[3] (Dkt. 31 at 13.)

---

[2] Plaintiff's arguments are similar to those made in the response brief filed by Veronica Ramirez. (Dkt. 29.) Thus, the United States' reply to Plaintiff incorporates many of the arguments made in the reply brief in support of the motion to dismiss Veronica Ramirez's complaint. (Dkt. 33.)

[3] Plaintiff alleges that the United States' motion to dismiss inappropriately "spends a considerable amount of time alleging 'facts' that are not in the Complaint, asserting that Mr. Gomez Arellano was 'an undocumented alien,' that the incident in this case was 'a failed alien smuggling attempt,' as well as alleged facts relating to a criminal matter." (Dkt. 31 at 2 n.1.) The United States disagrees with this characterization. The Court should recall that § 2680(c) is a jurisdictional bar, *Chapa v. U.S. Dept. of Justice*, 339 F.3d 388, (5th Cir. 2003) (per curiam), and that "[i]n applying Rule 12(b)(1), the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. U.S. ex rel. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Moreover, because the Rule 12(b)(1) standard "permits the court to consider a broader range of materials in resolving [a Rule 12(b)(1)] motion" than does the Rule (12)(b)(6) standard, *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008), it is obvious that the Court may consider matters of public record. *Cf. Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a [Rule] 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). This includes undisputed information referenced in the United States' motion to dismiss from the related criminal case. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (holding that "docket sheets are public records of which the court could take judicial notice" on a motion to dismiss).

**I.     Plaintiff wrongly asserts that her claims arise after a search and are therefore not subject to the jurisdictional bar under 28 U.S.C. § 2680(c).**

Plaintiff's principal argument, that § 2680(c) does not apply because "the torts alleged in this case arose after the 'detention' of the tractor-trailer had ended" is misplaced. (Dkt. 31 at 6.)

As the United States noted in its motion to dismiss, courts have interpreted 28 U.S.C. § 2680(c) broadly to encompass any activity "remotely related to [an officer's] official duties." *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981). (Dkt. 16 at 7) (citing numerous cases).

The allegations pleaded in Plaintiff's complaint clearly fall within this jurisdictional bar. Plaintiff's complaint repeatedly alleges tortious conduct arising from Border Patrol Agents "negligently fail[ing] to conduct a search, inspection and inventory of the tractor-trailer and its closed containers, as required by the governing CBP's Inspector Field Manual." (Compl. ¶ 22.)[4]

Numerous other paragraphs in Plaintiff's complaint make this same point—that the alleged tortious conduct arises from Border Patrol's search of the tractor-trailer. (*See, e.g.*, Compl. at ¶¶ 26, 28, 29, 34, 39, 46, 49, 50, 58, 60, 66, 67, 68, 75, 81.). Despite these clear allegations, Plaintiff now asserts that because "the tortious conduct in question arises after the detention and search ended, the customs-duty exception does not apply." (Dkt. 31 at 10.) But even if this allegation was pleaded[5] and plausible, it only confirms the application of § 2680(c). As the Supreme Court has recognized, § 2680(c) covers "any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 853 (1984). Indeed, the contention advanced and rejected by the Supreme Court in *Kosak* was

---

[4] Plaintiff's complaint does not appear to have been docketed under 2:18-cv-446 following consolidation. (Dkt. 18.) Therefore, the United States will continue to reference it in this motion through the abbreviation "Compl."

[5] To the extent Plaintiff is attempting to amend her complaint through her response to the United States' motion to dismiss, (Dkt. 31 at 17), this effort should be disregard as it is well settled that "a plaintiff may not amend its complaint in response to a motion to dismiss." *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013).

3

that § 2680(c) should not apply to "the negligent . . . destruction of property while it is in the possession of the customs service." *Id.* at 1523. Thus, to the extent Plaintiff is arguing that § 2680(c) only applies at the time the vehicle is initially seized for detention, and not the acts that flow from the initial detention, the argument is without merit. *See Halverson v. United States*, 972 F.2d 654, 656 (1992) ("The Supreme Court has interpreted § 2680(c) to cover not only damages occurring in the act of detention itself, but also those flowing from the detention, such as the negligent storing of antiques or art objects."); *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986) (recognizing that section 2680(c) "sweeps within the exception all injuries associated in any way with the detention of goods.") (internal quotation marks omitted).

Plaintiff's citation to *Davila v. United States*, 713 F.3d 248 (5th Cir. 2013), to support her argument against application of § 2680(c) is unavailing. In *Davila*, the plaintiff and his son were waiting at a checkpoint while agents searched their vehicle. *Id.* at 253. Frustrated with the length of the wait, the son got into the vehicle and drove away, thus terminating the detention of the property—namely, the vehicle. *Id.* The tortious conduct in that case did not occur in connection with the detention/seizure of the vehicle at the checkpoint. Rather, as the *Davila* court explained, the tortious conduct arose two hours later after the vehicle was pursued and stopped by local police officers:

> After the two hours lapsed, Tocho left in the vehicle, leaving Davila and Mata behind at the inspection site, and was pursued and caught by Brewster County officers. The intentional tort against Davila occurred only after Tocho had left the checkpoint in the vehicle. The false imprisonment claim arose out of the officers' arrest and detention of Davila in a county jail, located away from the checkpoint. No contraband had been found in the vehicle, the search had long since ended, and Tocho had been caught by the time that Davila was arrested and detained.

*Id.* at 256.

Thus, the court in *Davila* made clear that claims "unrelated to the vehicle or the detention thereof" do not fall within § 2680(c). Unlike in *Davila*, here Plaintiff alleges that the tortious

4

conduct arose directly from the search and detention/seizure of the tractor-trailer. (Compl. ¶ 38) ("CBP officers breached the duty they owed to Mr. Gomez Arellano when they violated a mandatory, non-discretionary duty by failing to thoroughly inspect the impounded tractor-trailer as mandated by agency policy."); *id.* at ¶ 48 ("Mr. Gomez Arellano's injuries and death were caused by the grossly negligent or wrongful acts or omissions of CBP employees when they failed to inspect the tractor-trailer as mandated by agency policy."); *id.* at ¶ 58 (alleging for the assault claim that Border Patrol Agents "intentionally, knowingly, or recklessly failed to abide by a nondiscretionary CBP mandate by not searching the inside compartments of the impounded tractor-trailer"); *id.* at ¶ 67 (alleging for the false imprisonment claim that the Border Patrol Agents "who searched and impounded the tractor-trailer left Mr. Gomez Arellano inside the container of the tractor-trailer without his consent."); *id.* at ¶ 75 (alleging for the intentional infliction of emotional distress claim that "CBP employees acted intentionally or recklessly by refusing to abide by CBP manual mandates to search and inventory every compartment in the tractor-trailer.")).

II. **Plaintiff wrongly asserts that property that is initially detained and later seized for forfeiture by law enforcement does not fall within the scope of 28 U.S.C. § 2680(c).**

Plaintiff cites to *Kurinsky v. United States*, 33 F.3d 594 (6th Cir. 1994), *Chapa v. Dept. of Justice*, 339 F.3d 388 (5th Cir. 2003), and *Davila v. United States*, 713 F.3d 248 (5th Cir. 2013), in support of the argument that "detention" as used by § 2680(c) "is construed in a limited manner that does not include activities such as arrest, permanent seizure, and forfeiture, with only actions 'arising from' the detention subject to the exception." (Dkt. 31 at 4.) Plaintiff's argument is misplaced.

As Plaintiff herself concedes, the Fifth Circuit has repeatedly recognized that § 2680(c) bars claims arising from the "inspection, seizure, or detention of goods by the Border Patrol agents." *Davila*, 713 F.3d at 256; *Jeanmarie*, 242 F.3d at 604 (recognizing that "claims are barred by the [detention-of-goods] exception if the alleged torts arose from the inspection, seizure, or detention of goods by a

5

Customs agent because such claims involve conduct covered by § 2680(c)") (citing *Gasho v. United States*, 39 F.3d 1420, 1433–34 (9th Cir. 1994) (also treating "seizures" as covered § 2680(c))). Plaintiff also acknowledges that the D.C. Circuit has held that a seizure for forfeiture under 8 U.S.C. § 1324(b) squarely falls within the customs-duty exception under § 2680(c), *see Ysasi v. Rivkind*, 856 F.2d 1520, 1525 (Fed. Cir. 1988) (holding that "seizures pursuant to [8 U.S.C.] § 1324(b)(1) are 'sufficiently akin to the functions carried out by Customs officials to place the agents' conduct within the scope of section 2680(c))", but claims that "*Ysasi* was decided prior to the Fifth Circuit and other courts' clarification regarding the distinction between a temporary "detention" and a permanent "seizure" for purposes of § 2680(c)." (Dkt. 31 at 11.)

Plaintiff's citation to *Kurinsky* and *Chapa* for the proposition that § 2680(c) only applies to temporary detentions as opposed to permanent seizures misses the mark. *Kurinsky*'s rationale was that § 2680(c)'s use of "detention" rather than "seizure" must be read as only applying to law enforcement officers engaged in activities with a nexus to the collection of taxes or customs duties. *Kurinsky* recognized that its holding created a "a split among the circuits, *Kurinsky*, 33 F.3d at 598, specifically citing the Fifth Circuit's decision in *Halverson v. United States*, 972 F.2d 654 (5th Cir. 1992), which applied § 2680(c) to a situation where Border Patrol agents at a checkpoint lost a plaintiff's property (i.e., a permanent loss). *Chapa* then cited *Kurinsky* in dicta. *See Chapa*, 339 F.3d at 390-91. However, the *Chapa* court did not specifically hold that a seizure does not fall within the scope of § 2680(c), as the facts in that case only involved a detention—not a seizure. *See Breen v. Texas A&M Univ.*, 485 F.3d 325, 336 (5th Cir. 2007) (recognizing that "statements in . . . cases . . . unnecessary to their holdings . . . constitute[] only non-binding dicta").

Most importantly, Plaintiff's argument that § 2680(c) distinguishes between a "detention" and "seizure" conflicts with the Supreme Court's decision in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), issued post-*Kurinsky* and *Chapa*, which held that § 2680(c) applies to all law enforcement

6

officers. In *Ali* the Supreme Court noted that in 2000, Congress amended § 2680(c) to preserve immunity for certain individuals who had their property forfeited. *See id.* at 221-222. Yet, Congress restored sovereign immunity only "for certain seizures of property based on any federal forfeiture law"—not for all "seizures" of property. *Id*. As one court has aptly recognized, "if [§2680(c) was] limited to claims arising from temporary detention, it is unclear how a forfeiture exception to the detention exception would ever apply since forfeiture ordinarily connotes the permanent loss of property." *Davinci Aircraft, Inc. v. United States*, No. 216CV05864CASJCX, 2017 WL 1520418, at *7 n.5 (C.D. Cal. Apr. 25, 2017), *aff'd and remanded*, ___ F.3d ___, 2019 WL 2439691 (9th Cir. June 12, 2019). Put another way, there would have been no need for Congress to legislate an exception to the jurisdictional bar under § 2680(c) for certain "seiz[ures] for the purpose of forfeiture," 28 U.S.C. § 2680(c)(1), if all seizures were completely exempt from the scope of § 2680(c). *See American Bank & Trust Co. v. Dallas County*, 463 U.S. 855, 864 (1983) (declining to read a statute in a manner that would cause "specific exemptions" to be "superfluous"); *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 509–10 (5th Cir. 2008) ("We are to read a statute as a whole, so as to give effect to each of its provisions without rendering any language superfluous.") (internal citation marks omitted).

Again, courts within the Fifth Circuit have repeatedly described goods that have been "seized" as falling within § 2680(c). *See, e.g.*, *Jeanmarie*, 242 F.3d at 604 (§ 2680(c) applies to claims that "arose from the inspection, seizure or detention of goods"); *see also Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008) (citing *Jeanmarie* for the proposition that "some circuits have held that officers' actions of 'seizing' property falls within the scope of the exception").[6]

### III.   **Plaintiff wrongly asserts that § 2680(c) does not apply to intentional tortious conduct involving persons.**

---

[6] String citing several cases, Plaintiff claims in a footnote that if the Government's reading of "§ 2680(c) were correct, then virtually all FTCA claims relating to torts committed by Border Patrol agents would be barred, as those claims are almost always related to temporary 'detentions.'" (Dkt. 31 at 9 n.4.) It is certainly true that the Fifth Circuit and Supreme Court have construed section 2680(c) broadly in favor of the government. However, many of the cases cited by Plaintiff involve alleged tortious conduct against persons where no property was involved. It is without dispute that § 2680(c) has no application where there is no property at issue.

Plaintiff next argues that § 2680(c) applies to the detention of goods, not people. (Dkt. 31 at 11-12.) Plaintiff also argues that § 2680(c) does not apply to intentional torts. (Dkt. 31 at 14.) As the United States noted in its opening brief, the Fifth Circuit has repeatedly held that 28 U.S.C. § 2680(c) applies to intentional torts such as assault and battery. *See Jeanmarie,* 242 F.3d at 604 ("[N]otwithstanding the fact that intentional tort claims arising out of arrests are not barred by § 2680(c), and are in fact permitted by § 2680(h), such claims *are barred* by the [detention-of-goods] exception if the alleged torts arose from the inspection, seizure, or detention of goods by a [law enforcement officer] because such claims involve conduct covered by § 2680(c)."); *see also Davila*, 713 F.3d at 256 ("[E]ven intentional torts committed by law enforcement officers are exempt from FTCA suits when such torts were committed during circumstances that would warrant a detention-of-goods exception."); *Mireles v. United States Customs & Border Prot.*, No. CV B: 13-197, 2014 WL 12770213, at *7 (S.D. Tex. Sept. 11, 2014) (same). Thus, Plaintiff's contentions are plainly contrary to Fifth Circuit law and can be swiftly rejected.

### IV.     Plaintiff wrongly asserts that the exception to § 2680(c) applies to her claims.

Despite asserting that § 2680(c) has not applied to property that is seized, Plaintiff next argues that the re-waiver of sovereign immunity under 28 U.S.C. § 2680(c)(1)-(4) applies to her claims because the tractor-trailer at issue was seized and forfeited pursuant to 8 U.S.C. § 1324(b). (Dkt. 31 at 13-14.) This argument is also without merit.

In 2000, Congress passed the Civil Asset Forfeiture Reform Act (CAFRA) and, among other things, "rewaived" the United States' immunity for certain tort actions arising from law enforcement detentions of property. But the CAFRA exception-to-the-exception only applies (i.e., sovereign immunity is waived) when all of the following four conditions are satisfied:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c)(1)-(4). To demonstrate a waiver of sovereign immunity for a claim arising from law enforcement's detention of property, a plaintiff must satisfy the above four conditions.

Plaintiff has not met her burden of showing that § 2680(c)(1)-(4) applies to her case.

The first condition requires that the property was "seized for the purpose of forfeiture." This phrase means that the property must be seized solely for the purpose of forfeiture. *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) (holding that the re-waiver under CAFRA "applies only to property seized solely for the purpose of forfeiture"). In reaching this conclusion, the Ninth Circuit relied on the rationale articulated in *Kosak*, 465 U.S. at 856, that the FTCA's waiver of sovereign immunity was not designed to impair "law enforcement officers' effectiveness in carrying out the important purposes underlying the seizure and redirect their attention from the possibility of danger in executing the search warrant to the possibility of civil damages." *Foster*, 522 F.3d at 1078; *Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014) (adopting *Foster*'s sole-purpose test and agreeing that an alternative reading would "eviscerate" the FTCA's detained-goods exception in the context of criminal investigations). Plaintiff's complaint does not even attempt to allege that the tractor-trailer was seized solely for the purpose of forfeiture. Rather, because it is undisputed that the tractor-trailer was detained and later seized pursuant to a lawful arrest for alien smuggling, and not solely for purposes of forfeiture, there is no waiver of sovereign immunity under the FTCA.

Perhaps more fundamentally, Plaintiff's case does not fall within this exception because she is not a "claimant" who had an "interest" in the tractor-trailer. *See* 18 U.S.C. § 983(a)(4)(A) ("[A]ny person claiming an interest in the seized property may file a claim asserting such person's interest in the property . . . ."). Plaintiff does not claim any interest in the tractor-trailer. Indeed, it is without dispute that the tractor-trailer was owned by Rigoberto Pompa-Garcia. (Dkt. 14 at 4.)

The Court need not consider the other requirements of § 2680(c)(1)-(4) since Plaintiff cannot meet these fundamental requirements of the exception.

## CONCLUSION AND PRAYER

For the foregoing reasons and reasons stated in the motion to dismiss, Defendant United States respectfully requests that the Court dismiss Plaintiff's complaint against the United States.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

By: *s/ Lance Duke*
    Lance Duke
    Assistant United States Attorney
    Southern District of Texas No. 21949
    Texas State Bar No. 00798157
    800 N. Shoreline Blvd., Suite 500
    Corpus Christi, TX 78401
    Telephone: 361-888-3111
    Facsimile: 361-888-3200

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sends notice of electronic filing to all record counsel.

    *s/ Lance Duke*
    Lance Duke

Assistant United States Attorney