UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERONICA RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-446 |
| | § | |
| RIGOBERTO POMPA GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING
UNITED STATES OF AMERICA'S MOTIONS TO DISMISS**

Plaintiff Veronica Ramirez (the decedent's widow) filed this wrongful death action on behalf of herself, the Estate of Martin Gomez Arrellano (the decedent), and A.A.G. (the decedent's minor son). D.E. 1-2, 14. Ramirez sued Juan Enrique Escobedo Moreno (Escobedo), who filed a third-party claim against the United States, seeking contribution. D.E. 42-1.[1] Plaintiff Blanca Gomez Arellano (the decedent's mother) filed a separate wrongful death action against the United States on behalf of herself and the decedent's estate. D.E. 44. The cases have been consolidated in this action.

Before the Court are the Government's substantively identical motions to dismiss (D.E. 7, 16, 22), challenging all of the claims raised against it by both sets of Plaintiffs and the Third-Party Plaintiff. The Government argues that the Court lacks subject matter jurisdiction to adjudicate the claims by virtue of its sovereign immunity. Plaintiffs

---

[1] Ramirez also sued Rigoberto Pompa Garcia, Gregorio Valdez, and Paccar, Inc. This Order is not directed to the claims against those Defendants.

responded (D.E. 24, 29, 31) and the Government replied (D.E. 33, 34). For reasons set forth, the motions to dismiss (D.E. 7, 16, 22) are GRANTED.

## DISCUSSION

Martin Gomez Arellano (Gomez) died of asphyxiation while he was concealed and trapped in an inner compartment of a Kenworth tractor sleeper berth. The tractor-trailer had been detained and impounded at the Falfurrias, Texas checkpoint after Border Patrol agents discovered Roberto Rico-Duran, an undocumented alien, hiding in the closet of the same sleeper berth. The agents took Rico-Duran and the truck driver, Escobedo, into custody, charging Escobedo with the crime of unlawful transportation of an alien.

Plaintiffs claim that the Border Patrol agents were required to open all compartments and inventory them before impounding the vehicle. Doing so, they claim, would have ensured that Gomez was discovered and removed from the compartment before he died. According to the pleadings, the agents failed to conduct that inventory. Alternatively, Plaintiffs allege in conclusive terms that the agents discovered Gomez, but intentionally left him to die. Because of the nature of the features of the compartment, Gomez could not open it from the inside and his body was discovered three days later when its decomposition became apparent.

Plaintiffs sued the United States (as the proper party encompassing the Department of Homeland Security and the Customs and Border Protection Agency) for negligence, assault and battery, false imprisonment, and intentional infliction of emotional distress, alleging that the agents' failure to discover Gomez, or their intentional

or reckless disregard for him, caused his death. D.E. 14, 42-1, 44. The United States seeks dismissal of all claims against it on the basis of sovereign immunity, which defeats jurisdiction.

## A. Standard of Review

Absent a waiver of sovereign immunity, courts lack subject matter jurisdiction over lawsuits against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). The burden of proof on a Rule 12(b)(1) motion challenging jurisdiction is on the party asserting jurisdiction—Plaintiffs and the Third-Party Plaintiff here. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). In examining a Rule 12(b)(1) motion, a court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. United States ex. Rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

## B. FTCA Waiver

To determine the Court's jurisdiction, we look to see if Plaintiffs have shown that the Government has waived its immunity with respect to the category of claims in which the action falls. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Plaintiffs bring state law tort claims under the Federal Tort Claims Act (FTCA), which waives the government's sovereign immunity for claims of

> personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his office or employment, under circumstances where the United States, if a private person,

> would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). On its face, the FTCA waiver applies to defeat sovereign immunity for the tort claims against the United States *unless* a separate statutory exception applies.

### C. Customs-Duty Exception

The Government argues that sovereign immunity still applies in this case because the facts place the claims within an exception to the FTCA waiver that is alternately referred to as the customs-duty or detention of property exception. This exception preserves sovereign immunity against "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c). The Supreme Court has held that any claim "arising in respect of" means any claim "arising out of" the detention of goods. *Kosak v. United States*, 465 U.S. 848, 854 (1984).

Courts have recognized that the government has a legitimate interest in preventing its agencies from becoming embroiled in complaints regarding injuries resulting from the multiple bases that the government may have for detaining property. *See generally*, *Kosak,* 465 U.S. at 859; *Capozzoli v. Tracey,* 663 F.2d 654, 657 (5th Cir. 1981). It is undisputed that the Kenworth tractor is property that law enforcement officers detained and that the claims arise in connection with the government's assertion of custody over that property. Thus sovereign immunity appears to apply to Plaintiffs' claims by virtue of the § 2680(c) customs-duty exception to the FTCA waiver.

Nonetheless, Plaintiffs argue that the customs-duty exception does not apply here because: (1) the claims involve the detention of a person rather than property; (2) the claims the exception was intended to address are property claims, not personal injury and death claims; (3) the detention of property referred to in the exception is for a temporary hold as opposed to a seizure; (4) the customs-duty exception, itself, has an exception that re-waives sovereign immunity in forfeiture scenarios; and (5) an additional waiver of sovereign immunity for the intentional torts of law enforcement applies instead of the customs-duty exception.

These arguments must be evaluated in the context of the rule that "[s]tatutes waiving sovereign immunity of the United States are to be construed strictly in favor of the sovereign." *Jeanmarie v. United States*, 242 F.3d 600, 604 (5th Cir. 2001) (quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951) (internal quotation marks omitted)). Other courts have already addressed Plaintiffs' contentions and have rejected them, based on the plain language of the customs-duty exception, construed in favor of the Government. As described below, precedent demonstrates that this Court is prevented from exercising jurisdiction over Plaintiffs' claims and they must be dismissed.

**1. Detention of Persons Rather Than Property**

Plaintiffs cite *Rivera v. United States*, 907 F. Supp. 1027 (W.D. Tex. 1995), to argue that "§ 2680(c) . . . applies only to the detention of goods and merchandise, not people." This excerpt of the case is taken out of context and is misleading. The Fifth Circuit, in *Jeanmarie*, discussed *Rivera* and noted that the lower court's holding was that an intentional tort claim arising "during an arrest ***following*** a search by a Customs agent

did not fall within § 2680(c) because such a tort was incident—not to a detention of goods—but to the detention of a person after the search for and detention of goods was completed." *Jeanmarie*, 242 F.3d at 604 (emphasis in original).

In contrast, personal injuries suffered while the property detention is ongoing are within the broad scope of the customs-duty exception. *Jeanmarie*, 242 F.3d at 604; *Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013) (finding § 2680(c) did not apply because the detention of goods had ceased before the alleged tortious conduct took place). Here, the Kenworth tractor had not been released and it remained in law enforcement custody until after Gomez tragically succumbed to his environment.

These cases show that according to the Fifth Circuit, the question is not a matter of property versus person, but the timing question of whether the detention of goods had ceased prior to the alleged personal injury. The Court is bound by precedent to hold that any claim brought for Gomez's personal injuries and death fall within the scope of § 2680(c) because the alleged injuries occurred, as a matter of law, during the detention of goods by law enforcement personnel.

### 2. Injury to Persons Rather Than Property

Plaintiffs suggest that the purpose of § 2680(c) is to bar only claims for injury to the property that has been detained. This argument runs counter to the decision in *Jeanmarie*. There, the Fifth Circuit considered the plaintiff's complaint that he had walked away from his detained vehicle and was restrained, shoved, and sustained multiple injuries from having his abdomen forced into a counter and being struck about the face and neck. 242 F.3d at 601-02. The court found that the operative fact was that

these events happened while the United States Customs Service detained his vehicle for inspection. The court held that the exception of § 2680(c) was broad enough to include immunity for the plaintiff's personal injuries. 242 F.3d at 605.

This Court is bound by precedent to hold that any claim arising out of Gomez's personal injuries and death falls within the scope of § 2680(c) because the injuries occurred during the detention of goods by law enforcement personnel, even though the injuries of which he complains are unrelated to the integrity of the goods.

### 3. Detention as Temporary Hold, not Seizure

Plaintiffs contend that § 2680(c) uses the term "detention," which is a term of art applying to a short hold as contrasted with a "seizure," which denotes a longer period of custody. To the contrary, the Supreme Court has clearly held that the customs-duty exception applies to events occurring during the initial detention or search of goods, as well as to those events occurring during continued possession. *Kosak*, 465 U.S. at 853-59 (rejecting claim for damage to art collection arising out of alleged negligent handling or storage of property).

Plaintiffs rely on *Davila* for their argument that "detention" was not intended to mean long-term "seizure." 713 F.3d 248. However, nothing in *Davila* distinguished a detention from a seizure. Rather, *Davila* stands for the proposition that the customs-duty exception does not apply to conduct that Border Patrol agents engage in after the property has been removed from government custody and which is unrelated to the detention of that property. Here, the conduct complained of took place while the property was in government custody and the claim is related to acts or omissions involving the detention

of the property. Thus *Davila* supports the Government's legal reasoning and the result is readily distinguishable on the basis of its facts.

Plaintiffs note that several cases have distinguished the term "detention" from a "seizure." Specifically rejecting a claim for a failure to inventory goods, the Fifth Circuit observed, "[t]he Supreme Court has interpreted § 2680(c) to cover not only damages occurring in the act of detention itself, but also those flowing from the detention, such as the negligent storing of antiques or art objects." *Halverson v. United States,* 972 F.2d 654, 656 (5th Cir. 1992) (per curiam). In *Chapa v. United States*, 339 F.3d 388 (5th Cir. 2003) (per curiam), the Fifth Circuit also held that "detention" included inventorying and taking possession of boxes of personal items at one prison and transferring them to another prison. The relocation of the goods did not prevent them from being considered detained for purposes of § 2680(c).

In discussing this issue, the *Halverson* opinion repeatedly references "seizures" that are subject to the customs-duty exception. 972 F.2d at 1525. The Ninth Circuit has been equally direct, quite recently. "Seizures" have been held as being included within the customs-duty exception unless the property is seized solely for the purpose of forfeiture. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1124-25 (9th Cir. 2019).

The Court is bound by precedent to hold that any claim arising out of Gomez's personal injuries and death falls within the scope of § 2680(c) because the injuries occurred during the detention of goods by law enforcement personnel, even though the

detention might be termed a "seizure" and last longer than is required for an initial inspection.

 **4. Forfeiture Re-Waiver of Sovereign Immunity**

Anticipating that the Court would find that the customs-duty exception applies, Plaintiffs argue that the government's immunity is re-waived by the forfeiture provision—an exception to the customs-duty exception. That provision re-waives sovereign immunity within § 2680(c) if (1) the property was seized for the purpose of forfeiture under federal law; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated; and (4) the claimant was not convicted of a crime in which his interest was subject to forfeiture. 28 U.S.C § 2680(c)(1)-(4).

The Government asserts that the forfeiture waiver is inapplicable here because courts have applied this waiver only to property seized for the ***sole*** purpose of forfeiture, consistent with the requirement of strict construction in favor of the Government. Several circuits have recognized that a seizure pursuant to a lawful warrant or arrest—for criminal investigation—does not waive sovereign immunity under § 2680(c). *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008).[2] In *Foster*, the Ninth Circuit stated, "the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods

---

[2] The Fifth Circuit cited the *Foster* opinion with approval in *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, No. 18-10801, 2019 WL 3955842, at *3 (5th Cir. Aug. 22, 2019); *see also*, *Al-Dahir v. United States*, No. CIV.A. 08-4502, 2010 WL 3922177, at *1 (E.D. La. Sept. 30, 2010). Other circuit courts have likewise adopted the *Foster* conclusion. *Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014) (adopting the *Foster* holding); *Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012); *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011).

exception when criminal investigation was a legitimate purpose of the initial seizure." 522 F.3d at 1075.

The undisputed facts show that the Kenworth tractor was detained in connection with Escobedo's arrest and prosecution. Plaintiffs assert that the Government has told them that the tractor was forfeited and destroyed. Even assuming that this representation (not yet offered as admissible evidence) is true, Plaintiffs' burden is to show that forfeiture was the sole reason for the detention. Having provided no evidence to rule out the detention for purposes of criminal investigation and prosecution, Plaintiffs have not met their burden to show that the forfeiture re-waiver of sovereign immunity applies.

While the Fifth Circuit has not directly addressed this issue, the Court agrees with the Government that limited re-waiver of sovereign immunity does not apply here. This is supported by the Fifth Circuit's favorable citation of *Foster*, our sister court's application of the "sole purpose" requirement, and the rules of construction for statutory waivers of sovereign immunity.

### 5. Law Enforcement Waiver

Last, Plaintiffs argue that the re-waiver of sovereign immunity applicable to the intentional torts of law enforcement officers applies, as it is a statutory provision of equal ordinal dignity to § 2680(c), with particular relevance to the claims made here. That provision states that the FTCA waiver includes "any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" with regard to acts or omissions of investigative or law enforcement officers. 28 U.S.C. § 2680(h). The Government argues that courts construe the statute in favor of its

sovereign immunity, applying § 2680(c) immunity rather than the § 2680(h) waiver when both could apply.

Indeed, the Fifth Circuit has held that "[e]ven intentional torts committed by law enforcement officers are exempt from FTCA suits when the torts were committed during circumstances that would warrant a detention-of-goods exception." *Davila*, 713 F.3d at 256; *Jeanmarie*, 242 F.3d at 604; *see Capozzoli,* 663 F.2d at 658 (finding that "[§ 2680(c)] language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties."). The Fifth Circuit stated that "§ 2680(h) applies only to tortious conduct not involving the seizure and detention of goods by Customs." *Jeanmarie*, 242 F.3d at 605.

The Court is bound by precedent to hold that any claim arising out of Gomez's personal injuries and death falls within the scope of § 2680(c) and not § 2680(h) because, where the former applies, the latter is preempted.

### D. Leave to Amend

Plaintiff Blanca Gomez Arellano requests leave to amend her original petition. Her request is not accompanied by any recitation of what allegations would be added or modified to avoid the governmental immunity analysis set out above. A court need not grant a motion for leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and

the relief sought." *Id*. A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate. *Id*.

A district court also has discretion to deny a motion to amend for futility. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 868, 872-73 (5th Cir. 2000). In determining whether an amendment would be futile, the court applies the 12(b)(6) standard for failure to state a claim upon which relief could be granted. *Id.* Because the United States enjoys sovereign immunity for actions arising from the detention of property, and because the claims arise from injuries related to that detention of property, Plaintiffs' amended complaint would be futile. Thus, the Court DENIES leave to amend for futility.

## CONCLUSION

For the foregoing reasons, the Government's motions to dismiss (D.E. 7, 16, 22) are GRANTED. Accordingly, all claims asserted against the Government are DISMISSED and the United States is entitled to a partial final judgment to that effect.

Plaintiff Veronica Ramirez, Individually and on behalf of the Estate of Martin Gomez Arrellano, Deceased, and on behalf of A.A.G., a Minor, has asserted state law claims against the remaining Defendants. The parties do not have diverse citizenship as required for diversity jurisdiction under 28 U.S.C. § 1332. Neither have the parties asserted any other basis for the exercise of this Court's original jurisdiction absent the claims against the United States. Thus, the Court GIVES NOTICE under 28 U.S.C. § 1367(c)(3) of its intent to REMAND this action to the 92nd Judicial District Court of Hidalgo County, Texas, the court from which it was removed.

The parties are ORDERED to file any motions requesting relief from the proposed partial final judgment and remand order on or before November 12, 2019.

ORDERED this 30th day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE